Thomas A. Saenz (State Bar No. 159430)
Belinda Escobosa Helzer (State Bar No. 214178)
Andres Holguin-Flores (State Bar No. 305860)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266
tsaenz@maldef.org
bescobosa@maldef.org
aholguin-flores@maldef.org

*Attorneys for Plaintiff*
Carlos Abanto Shinno

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CARLOS ABANTO SHINNO,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT PACKARD ENTERPRISE,<br><br>Defendant. | Case No. 5:19-cv-07175<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed: October 30, 2019 |
|---|---|

## INTRODUCTION

1.  Plaintiff CARLOS ABANTO SHINNO brings this civil action against Defendant HEWLETT PACKARD ENTERPRISE ("Defendant" or "HP"), for discriminating against Plaintiff by denying him the opportunity for employment because he is a recipient of Deferred Action for Childhood Arrivals ("DACA").  Plaintiff Abanto started as a full-time summer intern for Defendant HP and extended, by request, his internship for three years, believing that his education, tenure and experience would lead to a full-time position as a Data Analyst for Defendant HP.  Plaintiff Abanto told Defendant HP that he was interested in applying for a full-time position and expressed his willingness to relocate if needed.  However, Plaintiff Abanto's rise at Defendant HP ended as an intern.  Instead, Defendant HP hired a white United States citizen with less experience and education than Plaintiff Abanto.  Defendant HP's actions, policy

and practice of discriminating against Plaintiff Abanto and other DACA recipients on the basis of alienage, immigration status, and national origin violates 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a), as well as under 42 U.S.C. §§ 1983 and 1988. Under 28 U.S.C. § 1391(b), venue is proper because Defendant HP's principal place of business is in the Northern District of California.

## PARTIES

**Plaintiff**

3. Plaintiff CARLOS ABANTO SHINNO is Latino, he resides in the Northern District of California, and worked for Defendant during the events alleged in this action.

4. Plaintiff Abanto is a graduate of the University of Houston and he received a Master's degree in Computing and Information Science from Sam Houston State University.

5. Plaintiff Abanto is not a citizen of the United States. The U.S. Department of Homeland Security ("DHS") granted Plaintiff Abanto deferred action and authorization to work in the U.S. through the DACA initiative. At all times during his paid internship with Defendant HP, Plaintiff Abanto had work authorization. Plaintiff Abanto continues to have work authorization and deferred action. Plaintiff Abanto does not require a sponsor to be authorized to work in the United States.

**Defendant**

6. Defendant HEWLETT PACKARD ENTERPRISE is a multinational information technology company headquartered in San Jose, California. The events in the Complaint generally took place at Defendant HP's location in Roseville, California.

## FACTUAL ALLEGATIONS

7. Around June of 2014, Plaintiff Abanto started a paid student summer internship at Defendant HP's location in Roseville, California after he finished the first year of his Master's degree program in computer science at Sam Houston State University.

8. Early in the internship, Plaintiff Abanto informed his Defendant HP supervisors and managers that he is a DACA recipient. Plaintiff Abanto showed his DACA employment

authorization document ("EAD") to Defendant HP's Human Resources Department when he completed the I-9 form on his first day at Defendant HP.

9. Defendant HP extended Plaintiff Abanto's paid 40 hour per week internship for another year at the end of his 2014 summer internship because, upon information and belief, Plaintiff Abanto had positive work evaluations from that summer. Defendant HP told Plaintiff Abanto that it could only retain him as an intern if he was technically a student. As a result, Sam Houston State University allowed Plaintiff Abanto to retain student status even though he was not a full-time student that year. Plaintiff Abanto's title at Defendant HP in Roseville was "Data Science Intern."

10. Plaintiff Abanto consistently told his supervisors that he was interested in Defendant HP hiring him as a full-time Data Analyst after he completed his internship, and that he was willing to relocate from Roseville, California for a full-time employment position.

11. Because Plaintiff Abanto was told by his supervisors that they did not have any full-time employment positions available, Plaintiff Abanto delayed completing his Master's degree to retain his internship at Defendant HP in 2015, 2016, and 2017. Plaintiff Abanto's internship was so successful that he believed that once a position became available he would get an opportunity to apply for that position and would ultimately be hired as a full-time employee.

12. An advisor from Sam Houston State University informed Plaintiff Abanto that he needed to complete his Master's program in the subsequent semesters.

13. In the Summer of 2017, Defendant HP brought in a new group of interns, including an individual in Plaintiff Abanto's group who is a Caucasian undergraduate student who is a United States citizen ("the Student").

14. Plaintiff Abanto again asked his Defendant HP supervisor if there were any opportunities to be hired by Defendant HP as a full-time employee after Plaintiff Abanto completed his Master's degree. Defendant HP supervisors told Plaintiff Abanto that Defendant HP would not hire Plaintiff Abanto because Defendant HP would not sponsor Plaintiff Abanto for employment authorization.

15. Plaintiff Abanto's last day as an intern at Defendant HP was November 1, 2017.

He left Defendant HP to complete his Master's degree from Sam Houston State University, understanding that Defendant HP would not hire him because he is a DACA recipient.

16. On or around May 2018, Defendant HP hired the Student who has less experience and education than Plaintiff Abanto.

## FIRST CLAIM

### Alienage Discrimination

### 42 U.S.C. § 1981

17. Plaintiff Abanto re-alleges and incorporates by reference the allegations set forth in all prior paragraphs of this Complaint.

18. Plaintiff Abanto is not a citizen of the United States.

19. Plaintiff Abanto was born in Peru and migrated to the United States with his family when he was a child.

20. In 2012, Plaintiff Abanto applied for and received DACA; he successfully renewed his DACA grant in 2014, 2016, and 2018.  As the result of receiving DACA, Plaintiff Abanto has federal work authorization, and has an employment authorization document.

21. Defendant HP intentionally discriminated against Plaintiff Abanto on the basis of alienage and immigration status by denying him an opportunity to contract to work and for deterring him from opportunities to contract because he is a noncitizen, despite his legal authorization to work in the United States.

22. Defendant HP's intentional discrimination against Plaintiff Abanto has interfered with his right to make and enforce an employment contract.

23. Defendant HP's discriminatory policy and/or practice of denying work opportunities to Plaintiff Abanto based on his alienage and immigration status, despite his legal authorization to work in the United States, has harmed Plaintiff Abanto and constitutes unlawful discrimination in violation of 42 U.S.C. § 1981.

24. Defendant HP's conduct has caused, and continues to cause, Plaintiff Abanto substantial losses in earnings and other work benefits.

## SECOND CLAIM

### National Origin Discrimination

### 42 U.S.C. § 1981

25. Plaintiff Abanto re-alleges and incorporates by reference the allegations set forth in all prior paragraphs of this Complaint.

26. Defendant HP intentionally discriminated against Plaintiff Abanto on the basis of his national origin by denying him an opportunity to contract to work and for deterring him from opportunities to contract because of his national origin, despite his legal authorization to work in the United States.

27. Defendant HP's intentional discrimination against Plaintiff Abanto has interfered with his right to make and enforce a work contract.

28. Defendant HP's discriminatory policy and/or practice of denying work opportunities to Plaintiff Abanto based on his national origin, despite his legal authorization to work in the United States, has harmed Plaintiff Abanto and constitutes unlawful discrimination in violation of 42 U.S.C. § 1981.

29. Defendant HP's conduct has caused, and continues to cause, Plaintiff Abanto substantial losses in earnings and other work benefits.

## JURY DEMAND

30. Plaintiff Abanto demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Abanto respectfully prays that this Court enter Judgment granting Plaintiff Abanto:

1. General damages, including compensatory damages according to proof;

2. Punitive damages according to proof;

3. A declaratory judgment that the practices complained of are unlawful and violate 42 U.S.C. § 1981;

4. Reasonable attorneys' fees and expenses of this litigation, including under 42 U.S.C § 1988;

5. Interest at the maximum legal rate for all sums awarded; and

6. Such other and further relief as the Court may deem just and proper.

Dated:  October 30, 2019            Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

<u>/s/ Andrés R. Holguin-Flores</u>
Thomas A. Saenz
Belinda Escobosa Helzer
Andrés R. Holguin-Flores

*Attorneys for Plaintiff Carlos Abanto Shinno*